UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MIKE SETTLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.: 3:15-CV-385-TAV-HBG |
| ) | |
| BUREAU OF PRISONS and ) | |
| WARDEN HAMBY, ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM & ORDER**

This is a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed by Mike Settle, a state inmate and would-be federal inmate, who is serving a term of imprisonment at the Morgan County Correctional Complex ("MCCX") for several Tennessee convictions [Doc. 1]. The named Respondents are the Bureau of Prisons ("BOP") and MCCX's Warden, Mr. Hamby [*Id.*]. Petitioner's application to proceed *in forma pauperis*, which reflects that he has a zero ("0") sum to his credit in his inmate trust account, is **GRANTED** [Doc. 2]. However, no answer will be required, and this petition will be **DISMISSED**.

Under 28 U.S.C. § 2243, a court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A review of the petition reveals that it should be dismissed *sua sponte*. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (ruling that federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer).

## I. PETITIONER'S ALLEGATIONS

Petitioner is a federal offender and likewise a state convict who is imprisoned and restrained of his liberty by the power of the State of Tennessee and is now in the custody of the Tennessee Department of Correction ("TDOC"). More specifically, Petitioner maintains that, in August of 2000, he received a 262-month term of confinement for a federal conviction and was committed to the custody of the BOP.[1] The federal sentencing court did not expressly direct concurrent service of the federal sentence with the state sentence because the federal court could not address a state sentence not yet in existence.

In January 2001, Petitioner was convicted of various state offenses in a Tennessee court and sentenced to an effective 25-year sentence.[2] The state sentencing court, however, intended that his state sentence be served concurrently with his federal sentence.[3] Petitioner has now served more than twelve years in a state prison, yet he has received no credit toward the service of his federal sentence.

Petitioner maintains that the BOP has the power to award credit on his federal sentence for the time he has served on his state sentence by retroactively designating a federal medical center, which could provide him with proper mental health treatment, as the place of his state

---

[1] Petitioner has enclosed paperwork that shows that he was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), in the Western District of Tennessee and sentenced as an armed career criminal [Doc. 1-1 pp. 2-3, 6].

[2] A copy of Petitioner's guilty plea form, which likewise is attached to Petitioner's pleading, reveals that, in the Circuit Court for Madison County, Tennessee, Petitioner pled guilty to five felony offenses, including especially aggravated kidnapping, felony escape, aggravated robbery, and two counts of aggravated assault—convictions which were to result in a total sentence of 25 years' imprisonment [*Id.* at 7].

[3] The bottom of the guilty plea form contains this notation: "CONCURRENT to the Federal Charge arising from the same incident, Federal Court (illegible)" [*Id.*].

2

confinement, thus, enabling him to serve his state and federal sentences concurrently. It is necessary for the BOP to make this *nunc pro tunc* designation, so Petitioner maintains, to carry out the state sentencing court's intention that the state sentence be served concurrently with the federal sentence.

Petitioner asserts that he has the right to have the BOP consider such a request and to make an administrative determination as to whether he may receive credit on his federal sentence for time served on his state prison sentences. Petitioner also maintains that the Interstate Corrections Compact ("ICC") provides that the BOP may accept a state prisoner into federal custody when state officials offer to transfer a prisoner into federal custody, that the state prison officials have mistakenly declined to extend that offer to the BOP,[4] and that this means that Petitioner has exhausted available methods for having his plight be considered by state officials.

## II. DISCUSSION

As the Court interprets Petitioner's desires with respect to the service of his criminal sentences, he would like the BOP to take the following steps: 1) to credit his federal sentence with the 12 years' time he has spent in Tennessee prisons serving his state sentences, and 2) to designate a federal medical center as the place for serving any time remaining on his state

---

[4] The Court takes judicial notice of two letters submitted as attachments to a later § 2241 petition filed in this Court by Petitioner, which advise him that TDOC has denied his petition to transfer him to federal custody, in accordance with the ICC, and that his later request to reconsider the denial has been rejected. *See Settle v. Hamby*, No.: 3:15-CV-470-TAV-HBG, (E.D. Tenn. 2015) [Doc. 2-1 pp. 12-13]. Those letters also indicate that, contrary to Petitioner's allegations in this instant § 2241 case, his federal judgment provided that his federal sentence was set consecutive to his state sentence [*Id.*]. Notably, again contrary to Petitioner's position in this instant case, a district court has the discretion to order that a federal sentence run consecutively to an anticipated state sentence that has not yet been imposed. *Setser v. United States*, 132 S. Ct. 1463, 1468, 182 L. Ed. 2d 455 (2012). And where a federal judgment is silent, as Petitioner asserts in his pleading in this case, the federal sentence is presumed to be consecutive. 18 U.S.C. § 3584(a).

3

sentence and yet to be served on his federal sentence. Petitioner also insists that, under the ICC, TDOC must extend an offer to the BOP to transfer him to federal custody. The Court will address several problems with the petition.

### A. Proper Respondent

At the outset of this discussion, the proper respondent in a habeas petition, generally, is the prisoner's custodian because this is "the person" who can produce the prisoner's body before a habeas court. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). However, in a non-core habeas corpus petition, i.e., where a habeas petitioner attacks a form of "custody" other than his present physical confinement, the proper respondent is "the entity or person who exercises legal control with respect to the challenged 'custody.'" *Id*. at 438 (citing *Braden v. 30th Judicial Circuit Court of Ky*., 410 U.S. 484 (1973)).

Among Petitioner's submissions is a copy of a federal detainer, filed on January 8, 2008, with the TDOC, by the U.S. Marshals Service in Jackson, Tennessee, which shows that, following the completion of his state sentence, Petitioner has a future 262-month federal sentence to serve [Doc. 1-1 p. 1]. The individual employee of the U.S. Marshals Service who lodged that detainer would be the proper respondent in this matter, and the Court assumes that this individual would be found within this State, and that the Court would have jurisdiction over that person. *Holley v. Brown*, No. 12-23-WOB, 2013 WL 951547, at *3 (E.D. Ky. Mar. 7, 2013) (citing cases). Based on these assumptions, the petition has been filed properly in this Court, albeit against the wrong respondents.

### B. Claims Regarding Federal Sentencing Credit

A state prisoner may use a § 2241 petition as a vehicle to challenge the execution of a federal sentence, which has been imposed but has not yet begun to be served. *See United States*

4

*v. Miller*, 594 F.3d 1240, 1241 (10th Cir. 2010) (ruling that a state inmate's request for *nunc pro tunc* designation in regards to future federal sentence is pursued appropriately under 28 U.S.C. § 2241); *Pack v Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."). However, whether a state sentencing court ordered a petitioner's state sentence to be served concurrently with his federal sentence does not modify the federal sentence. *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991) ("The determination by federal authorities that [Petitioner's] federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction."). And the BOP has the discretion to deny an inmate's request for a *nunc pro tunc* designation, despite the state court's direction that its sentence was to be served concurrently with a previously imposed federal sentence. *Trowell v. Beeler*, 135 F. App'x 590, 593 (4th Cir. 2005).

As Petitioner recognizes, the BOP has discretionary authority, under 18 U.S.C. § 3621(b), to designate a federal prisoner's place of incarceration, *Barden v. Keohane*, 921 F.2d 476, 479 (3d Cir. 1990); *Miller v. Fed. Bureau of Prisons*, No. 1:13–CV–2633, 2014 WL 2722343, at *3 (N.D. Ohio June 16, 2014) (citing *Barden,* 921 F.2d at 478), and "[w]here a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence," *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

In this case, however, it does not appear from Petitioner's submissions that he has ever filed a request with the BOP to make a *nunc pro tunc* designation of his state correctional

5

facility as the place of service of his federal sentence. This is important because, even though a state prisoner may use a § 2241 petition as a means of challenging the execution of a yet-to-be-served federal sentence, he is still subject to the requirement that he exhaust his remedies prior to seeking habeas corpus relief under § 2241. *See id.* (ruling "that a habeas petition requesting a *nunc pro tunc* designation is not ripe until the BOP makes a final decision on the prisoner's *nunc pro tunc* request" (listing cases).

To show the requisite exhaustion, a petitioner must attach a copy of the final BOP administrative decision, or alternatively, describe with specificity the administrative proceeding concerning his case and its outcome. *Fazzini*, 473 F.3d at 234-36. Petitioner has done neither of these things. Petitioner therefore has failed to show that, prior to filing this § 2241 petition, he exhausted his remedies with respect to his claim that the BOP should consider designating the MCCX as the place of service of his federal sentence, so that he can receive credit for the 12 years' imprisonment he has served on his state sentences. *See Thomas v. Bogan*, No. 95-1307, 1995 WL 692987, at *2 (6th Cir. Nov. 17, 1995) (finding that a case is "not ripe for judicial review" where an inmate did not exhaust administrative remedies by requesting the BOP to designate a state prison as the place of confinement for a federal sentence (citing *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992))). Moreover, even if state officials in the TDOC have refused Petitioner's request to extend an offer to the BOP to transfer him to federal custody, as he maintains, a request to the TDOC, a *state* agency, for an offer of transfer, under the ICC, does not function as a request to the BOP, the *federal* agency statutorily authorized to make a *nunc pro tunc* designation, and does not satisfy the exhaustion requirement with respect to his claim involving a *nunc pro tunc* designation.

6

### C. Request for a Federal Medical Center Designation

Petitioner's request that the BOP designate a federal medical center as the place for serving his federal sentence and any time remaining on his state sentence, so that he can obtain the psychological treatment recommended in his federal plea agreement, is rejected. Petitioner has no constitutional entitlement to serve his state sentence in a federal facility, and it is doubtful that the BOP possesses the authority to designate the place for service of his *state* sentence, absent agreement by Tennessee authorities. *Leal v. Tombone*, 341 F.3d 427, 429 n.13 (5th Cir. 2003) (finding that inmate had no due process right to be taken to a federal prison to serve his concurrent state sentence and that federal prison officials may refuse to accept a state prisoner until he has served his state sentence (citations omitted)); *Simpson v. Cockrell*, No. 01-10415, 2001 WL 1075829, at *1 (5th Cir. Aug. 21, 2001) (finding that the facility wherein an inmate serves concurrent sentences is "a matter for the two sovereigns involved to decide," since he possesses "no constitutional right to be incarceration in any particular prison system" (citations omitted)); *Castro Flores v. Dretke*, 120 F. App'x 537, 539 (5th Cir. 2005) (observing, with respect to a state inmate's claim that federal authorities had not taken him to federal prison to serve his federal sentence, that "no authority requires federal marshals to immediately deliver a federal prisoner to a federal facility for the service of his sentence").

### D. Denial of Access to Legal Resources

This leaves for discussion Petitioner's assertion that the MCCX law library is inadequate because it does not contain "federal law materials" to which BOP inmates have access and that the BOP has not provided him with "appropriate resources" [Doc. 2 p. 6]. The Court infers that Petitioner is asserting a claim for denial of access to the courts, in violation of *Bounds v. Smith*, 430 U.S. 817, 821 (1977), which held that prisoners have a constitutional right of access to the

7

courts.  However, the Supreme Court has also ruled that inmates do not possess an abstract, freestanding right to a law library in prison, including a right to specific codes or legal books. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Be that as it may, Petitioner must raise this claim in a complaint filed under 42 U.S.C. § 1983, which is the appropriate judicial remedy for a state prisoner to challenge his confinement conditions in a state prison. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Smith v. Williams–Ash*, 520 F.3d 596, 599 (6th Cir. 2008); *cf. Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (stating that habeas petitions alleging a denial of a federal right by a state actor "have been dismissed without prejudice to a petitioner's potential § 1983 claims, allowing the prisoner to later bring any civil rights claims properly"); *United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008) (noting that "the sole substantive issue . . . is whether [the petitioner's] federal sentence has been properly executed, which is the province of § 2241 proceedings" (citation omitted)).  After all, Petitioner is confined at present in the MCCX, a state prison, and the BOP has no constitutional obligation to stock a law library in a state prison.

At any rate, Plaintiff's claim regarding the MCCX law library is not cognizable in a petition filed under § 2241 and it is **DISMISSED without prejudice**. *Bottom v. U.S. Dept. of Homeland Sec.*, No. 1:12-CV-1292, 2013 WL 449652, at *2 (W.D. Mich. Feb. 6, 2013) (noting that where "claims about the conditions of confinement are not cognizable in an action under § 2241, the district court must dismiss the habeas action without prejudice to allow the petitioner to raise his potential civil rights claims properly in a § 1983 action" (citing *Martin*, 394 F.3d at 714))).

8

Case 3:15-cv-00385-TAV-HBG   Document 3   Filed 01/28/16   Page 8 of 10   PageID #: 92

**III.    Conclusion**

Because Petitioner has failed to avail himself of the procedure the BOP provides to allow state prisoners to obtain a *nunc pro tunc* designation of a state facility as the place for service of a federal sentence, his § 2241 petition will be **DISMISSED** for failure to exhaust administrative remedies.  In addition, the Court finds that any appeal in this matter would not be taken in good faith, 28 U.S.C. § 1915(a)(3), and leave to appeal *in forma pauperis* is **DENIED.**  If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of filing of the notice.  *See* Fed. R. App. P. 24(a)(5).

**IV.    Certificate of Appealability**

Finally, to the extent that a certificate of appealability ("COA") is necessary for Petitioner to challenge the denial of his § 2244 application raising the particular claims offered herein, *compare Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999) (federal prisoner need not obtain a COA to appeal a § 2241 petition) (listing cases), *with Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (noting that "[w]hile this court has held that a federal prisoner proceeding under § 2241 does not need a certificate of appealability to appeal a district court's denial of the petition, it is not clear that the same is true of a *state* prisoner proceeding under § 2241" (internal citation omitted, emphasis in original)), *and Greene v. Tenn. Dept. of Corr.*, 265 F.3d 331, 336 (6th Cir. 2006) (holding that a COA is necessary when a state prisoner challenges state authorities' refusal to award good time credits purportedly earned), the Court **FINDS** that reasonable jurists would not debate the correctness of this Court's procedural rulings, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001).  Because reasonable jurists could not disagree with the resolution of these claims and could not

9

conclude that they "are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), the Court will **DENY** issuance of a COA, 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE